# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                      CASES NO.   4:07cr40-RH
                                                    4:10cv110-RH/CAS

CLAYTON SHUNDEL GEE,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

A jury convicted the defendant Clayton Shundell Gee on drug and gun charges.  He now challenges the conviction by a motion under 28 U.S.C. § 2255 asserting ineffective assistance of counsel.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 95, and the objections, ECF No. 96.  I have reviewed *de novo* the issues raised by the objections.

The recommendation is for denial of the § 2255 motion.  This order accepts the recommendation.  And the order adopts the report and recommendation as the court's opinion, with these additional notes.

First, the jury convicted Mr. Gee after a full and fair trial.  The verdict resulted from the overwhelming evidence of Mr. Gee's guilt, not from any

deficiency in the assistance provided by Mr. Gee's attorney.  Had the attorney done the things Mr. Gee now says the attorney should have done, the outcome would have been the same.  So would the level of confidence in the outcome.

Second, the government cannot properly call a witness solely to impeach the witness with prior, otherwise-inadmissible statements.  Mr. Gee asserts the government called the witness Andrea Clark in violation of this principle.  But that is incorrect.  Ms. Clark gave relevant testimony favorable to the government on several topics.  The government was entitled to call her for such testimony.  And even though, as it turned out, she gave other testimony inconsistent with her prior statements, there is no support for the assertion that the government knew she would give the inconsistent testimony, or for the assertion that the government called her only so that it could impeach her.  Ms. Clark had testified truthfully—or at least as the government asserted and the other evidence seemed to indicate was truthfully—before the grand jury; one could not know that, again placed under oath, she would not again give the same, truthful testimony.  And in any event, the government properly called Ms. Clark for her other probative testimony and properly impeached the part of her testimony that was inconsistent with her prior statements.

Third, Mr. Gee says his attorney rendered ineffective assistance by failing to object to Ms. Clark's out-of-court statements—the statements she made to officers

when they responded to her 911 calls on April 27, 2007. Mr. Gee says these statements were inadmissible hearsay and were critical to the government's case. But this overlooks the hearsay exceptions for a statement describing an event while or immediately after perceiving it, *see* Fed. R. Evid. 803(1), and for a statement under the stress of excitement caused by a startling event, *see* Fed. R. Evid. 803(2). Admitting the prior statements plainly did not run afoul of the Confrontation Clause, because many of the prior statements were nontestimonial, and in any event Ms. Clark testified and so was available for cross-examination. *See Crawford v. Washington*, 541 U.S. 36 (2004). Moreover, Ms. Clark said the same things at trial or in her grand jury testimony, so admitting the statements to the officers made little if any difference. To the extent Ms. Clark's trial testimony varied from her grand-jury testimony, the grand-jury testimony was itself admissible. *See* Fed. R. Evid. 801(d)(1)(A) (excluding from the definition of hearsay a testifying declarant's prior statement if it was inconsistent with the current testimony and was given under penalty of perjury at a trial, hearing, or other proceeding).[1]

---

[1] I sustained a hearsay objection when an officer finished answering a question but then began to volunteer additional information. The officer said, "Ms. Clark was the one that --"; at that point the objection interrupted the officer. I sustained the objection, not so much because the officer was about to relate inadmissible hearsay, but because I did not know what the officer was going to say but did know that, whatever the officer was going to say, it was not going to be

Fourth, a witness cannot properly testify that another witness's statements or testimony were given honestly. So, for example, a law enforcement officer cannot properly testify a person was "honest" during an interview. But when a person's statements during an interview are admissible, a law enforcement officer can properly testify to the person's demeanor during the interview, including, for example, whether the person promptly provided complete answers to questions or instead provided information only haltingly. The government asked officer Mary Downie "how honest" Ms. Clark was when officers interviewed her. Tr., ECF No. 70, at 322. Ms. Downie answered that "[t]here were certain things that she was answering honestly, but she was very reluctant to provide us with information." *Id*. In context, the substance of this testimony was that Ms. Clark provided information only haltingly. And even if the testimony is understood as an opinion on Ms. Clark's credibility, it did no harm; there is no risk the jury took Ms. Downie's word on this, rather than properly making its own evaluation of Ms. Clark's credibility. A good trial lawyer sometimes chooses not to object to testimony like this, perhaps heeding the old saw that a lawyer who tries a case with both eyes on an appeal usually has to.

Fourth, Ms. Downie testified about the legal standards applicable to a charge of possessing a firearm in furtherance of a drug-trafficking crime. This was not a

---

responsive to the question. Sustaining the objection was not inconsistent with the analysis set out in the text.

proper subject for testimony; it was, instead, a subject properly addressed in the jury instructions. Ms. Downie's testimony was not as complete or precise as the jury instructions. But the testimony was generally accurate and did no harm. Again, a good trial lawyer often chooses not to object to a question asking for testimony like this; accurate testimony does little or no harm, and inaccurate testimony provides fertile ground for cross-examination.

Fifth, Mr. Gee says his vehicle was searched in violation of *Arizona v. Gant*, 129 S. Ct. 1710 (2009). Mr. Gee says his attorney rendered ineffective assistance by failing to move to suppress evidence discovered during the search. *Gant* imposed limits on a vehicle search incident to the arrest of the vehicle's driver. As the report and recommendation correctly notes, *Gant* was decided after the trial of this case. As a matter of settled law, an attorney does not render ineffective assistance by failing to anticipate a change in the law. And more importantly, a motion to suppress almost surely would have been denied anyway, based either on probable cause to search or the inevitability that this evidence would have been discovered in an inventory search, even if there had been no search at the time of the arrest. Finally, as Mr. Gee now acknowledges, the search was proper under the settled law of the circuit at the time of the search, even though *Gant* later changed the law. Under *Davis v. United States*, 131 S. Ct. 2419 (2011), the exclusionary

rule does not apply to evidence seized during a search that was proper under binding precedent at the time of the search, even if the law later changes.

For these reasons and those set out at greater length in the report and recommendation, the § 2255 motion is unfounded.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Gee has not made the required showing. This order thus denies a certificate of appealability. Because Mr. Gee has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that Mr. Gee is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on January 14, 2013.

s/Robert L. Hinkle
United States District Judge